**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA PERIZES, Individually, and On Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 19 C 00740 |
| Plaintiff, | ) ) | Judge Franklin U. Valderrama |
| v. | ) ) ) | Mag. Judge Jeffrey I. Cummings |
| DIETITIANS AT HOME, INC., ARISTOTLE KORNAROS, Individually, and SUZANNE HALL, Individually, | ) ) ) ) | |
| Defendant. | ) | |

**PARTIES' MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiffs Angela Perizes and Alina Savra-Kraft ("Plaintiffs") and Defendants Dietitians at Home ("DAH"), Aristotle Kornaros, and Suzanne Hall ("Defendants") (collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of their Joint Motion for Approval of Settlement and further state as follows:

## I.  PROCEDURAL HISTORY

On February 5, 2019, Perizes, individually and on behalf of all others similarly situated, filed a complaint in the United Stated District Court for the Northern District of Illinois against DAH alleging claims seeking unpaid minimum wage and overtime under: (1) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; (2) the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.*; (3) the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*; and (4) the

Chicago Minimum Wage Ordinance, § 1-24, *et seq.* (the "Lawsuit") (Dkt. 1). On July 23, 2019, Perizes amended the complaint against DAH and alleged claims seeking only unpaid overtime under: (1) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and (2) the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* (Dkt. 26). On November 5, 2019, Savra-Kraft filed a Consent to Become Party Plaintiff in the Lawsuit. (Dkt. 35). No other potential plaintiffs filed a Consent to Become a Party Plaintiff.

On September 4, 2020, the Plaintiffs amended the complaint to add Kornaros and Hall as defendants. (Dkt. 64). On October 2, 2020, the Defendants filed an Answer to the Complaint denying the substantive allegations therein. (Dkt. 68).

During 2019 and the beginning of 2020, the Parties exchanged numerous documents and materials through discovery, conducted depositions, and engaged in extensive motion practice. On February 28, 2020, the Parties participated in a settlement conference with Magistrate Judge Cummings, although the case did not resolve at that time.

On September 17, 2020, Plaintiff filed a Motion for Conditional Certification of the FLSA collective action and for authorization to issue step-one notice. (Dkt. 66). On August 27, 2021, the Court entered a Memorandum and Order granting in part and denying in part Plaintiff's motion. (Dkt. 87).

Prior to the Court's August 27, 2021 Order, the Parties had sought to restart settlement discussions. The Parties continued the negotiations that had started in February of 2020, under the direction of Judge Cummings. Building upon those negotiations, the Parties reached a full settlement and now seek approval of that settlement.

## II. STANDARD GOVERNING MOTIONS TO APPROVE FLSA SETTLEMENTS

In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001). An employee may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *E.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## III. ARGUMENT

The settlement reached by the Parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA and any remaining disputes between the Parties. The agreement reached is the result of extensive negotiations between the Parties to resolve this matter. The Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients.

### A. Bona Fide Disputes Exist

The settlement of the instant action involves a *bona fide* dispute. Plaintiffs alleged that they were owed overtime for time worked before and after their shifts in excess of 40 hours per

week. Defendants denied that any Plaintiff was owed any overtime wages.

If the case did not resolve now, the Parties would each face numerous risks in continuing to proceed. Had any Plaintiff ultimately prevailed at trial, Defendants would be faced with a monetary verdict in favor of Plaintiff(s), as well as an obligation to pay legal fees and costs incurred by that Plaintiff in addition to their own fees and costs. If Defendants prevailed at trial, Plaintiffs would not recover any damages or attorneys' fees or costs, and Defendants would seek the recovery of certain statutory costs.

## B. The Settlement is Fair and Reasonable

In determining whether a settlement is fair and reasonable, courts have considered non-exclusive factors such as: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiffs to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011).

The Parties' settlement is fair and reasonable and meets all applicable factors considered by courts. The settlement appropriately factored in the complexity, risk, expense, and likely duration of the litigation. *See* Exhibit A to Parties' Joint Mtn. for Approval of Settlement (Settlement Agreement and Release) § 3. Plaintiffs recognized the risks inherent in proceeding with the litigation in terms of Plaintiffs' commitment to continue to litigate, the amount of damages at issue, and the amount of attorney time that would be required to continue. Defendants

4

recognized their potential exposure should the Parties proceed with trial and Plaintiffs prevail.

Moreover, the settlement is appropriate at this stage of the proceedings, particularly in light of the damages at issue. The Parties have exchanged significant documents and materials through written discovery, have conducted depositions, and have engaged in extensive motion practice. Based on the materials exchanged to date, and as previously set forth in the Parties' settlement demand and response filed with the Court, each Plaintiff could estimate her damages if she were to prevail at trial. Defendants could similarly assess their exposure if they continued to litigate. The Parties thus had sufficient information to assess the risks of assessing liability and damages and concluded that a negotiated settlement was preferable to continuing to litigate.

Additionally, the settlement is well within the range of possible recovery. As in all wage and hour claims, the nature and amount of recoverable damages was uncertain. Even if a trier of fact ultimately found liability, which was far from certain, a range of possible damages existed depending on factors including, but not limited to, ability to prove the amount and frequency of overtime work performed, any alleged set-offs, the applicable statute of limitations, and Defendants' knowledge, willfulness and good faith.

While Plaintiffs were confident in their claims, Defendants would have argued that Plaintiffs' alleged unpaid time was not compensable and/or was not known (actually or constructively) to Defendants. In other words, Plaintiffs faced multiple challenging defenses. Taking these considerations into mind, the amount of the settlement is appropriate in relation to the potential recovery.

The settlement is based on the number of weeks worked by each Plaintiff during her employment based on her estimate of hours worked in excess of 40 hours per week. Plaintiff Perizes estimated she was owed a total of $8,190, excluding any penalties or interest. Her

5

settlement amount is for $12,285 (1 and ½ times estimated damages). Plaintiff Savra-Kraft estimated she was owed a total of $4,461, excluding any penalties or interest. Her settlement amount is for $6,691 (1 and ½ times estimated damages).

Based on the aforementioned factors, the Parties conclude that a settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, in the best interests of the Parties, and not worth the costs and risks associated with a trial. Additionally, the Parties have agreed that Defendants will pay Plaintiffs' counsel $31,024 in attorneys' fees and recoverable costs, a compromise sum representing less than 30% of what Plaintiffs' counsel have expended in the prosecution of this action.

## IV. CONCLUSION

For all the above reasons, the Parties respectfully request an order: (1) approving the Settlement Agreement, including the releases of claims, the payments to Plaintiffs, and the payment of attorneys' fees and costs set forth therein; (2) upon filing by Plaintiffs, dismissing the action in its entirety without prejudice, which will convert to with prejudice once the settlement is funded by Defendants; and (3) retaining jurisdiction until January 15, 2022 to enforce the terms of the Settlement, including the release of claims, after which the case will automatically be dismissed with prejudice.

Date: October 4, 2021               RESPECTFULLY SUBMITTED,

/s/ Noelle C. Brennan               /s/Marty J. Schwartz
One of Plaintiffs' Attorneys        One of Defendants' Attorneys

Noelle Brennan                      Marty J. Schwartz
NOELLE BRENNAN &                    Thomas J.K. Schick
ASSOCIATES, LTD.                    SCHAIN BANKS KENNY & SCHWARTZ, LTD.
20 S. Clark St., Suite 1530         Three First National Plaza
Chicago, IL 60603                   70 W. Madison Street, Suite 5300
(312) 422-0001 (tel.)               Chicago, IL 60602
(312) 422-0008 (fax)                (312) 345-5700 (tel.)
                                    (312) 345-5701 (fax)

6

## **CERTIFICATE OF SERVICE**

I, Noelle C. Brennan, hereby certify that on October 4, 2021, I electronically filed the foregoing **PARTIES MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION FOR APPROVAL OF SETTLEMENT** with the Clerk of the Court using the CM/ECF system. All counsel of record are registered CM/ECF users and service will be accomplished by the CM/ECF system.

RESPECTFULLY SUBMITTED,

/s/ Noelle C. Brennan
One of the Attorneys for Plaintiff